## HINES, Director General of Railroads, v. DUNN.

(Circuit Court of Appeals, Seventh Circuit.   February 1, 1923.)

### No. 3157.

1. Fraud ⬤=>58(I)—Proof beyond reasonable doubt unnecessary.
    In an action of deceit, it is not necessary to prove the fraud beyond a reasonable doubt.

2. Fraud ⬤=>54—Evidence held admissible on issue of intent.
    In an action for fraudulently obtaining from plaintiff railroad company a shipment of flour without producing the bills of lading, the letter of defendant ordering the flour, and also evidence of his financial condition at the time he placed the order, *held* material and admissible on the issue of his fraudulent intent.

3. Fraud ⬤=>64(2)—Intent held question for jury.
    In an action of deceit, the question of defendant's fraudulent intent *held*, under the evidence, for the jury.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action at law by Walker D. Hines, Director General of Railroads, against James J. Dunn. Judgment for defendant, and plaintiff brings error. Reversed.

John Gibson Hale, of Chicago, Ill., for plaintiff in error.

Before BAKER and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff brought this action to recover damages alleged to have been suffered by reason of certain fraud practiced by defendant. The declaration charged defendant with fraudulent practices whereby he secured the possession of two cars of flour without the surrender of bills of lading.

The evidence tends to show that defendant was irresponsible; that he placed orders for the purchase of flour with Snyder & Co., of Ohio, who thereupon shipped a car of flour to Detroit, Mich., sending the bill of lading, together with sight draft, to a bank, notifying Dunn that they made the shipment "sight draft attached." A second car was shipped shortly thereafter under like bills, terms, and invoices. Defendant paid the freight and secured possession of each car without producing the railroad company the bills of lading. He never paid for the flour, or any part of it, and plaintiff was required to compensate the consignor. To reimburse itself, this action was instituted.

The amount of liability is not in dispute, but plaintiff seeks a tort judgment for defendant's fraud, while defendant at the close of the

⬤=>For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trial admitted his liability, but denied plaintiff's right to recover for the alleged fraud. The verdict read:

"We, the jury, find the defendant not guilty of the charge of fraud, but the defendant must pay the plaintiff the sum of $3,300, plus 5 per cent. interest on the same from December 27, 1918."

[1] Errors are assigned : (a) In the admission of evidence; (b) in the instruction; and (c) in refusing to direct a verdict. The court charged the jury, among other things:

"The burden is upon the plaintiff. I presume that the proof must be of the same degree as to any crime committed, shouldn't it, Mr. Hale? It must be beyond a reasonable doubt. * * * But it gets down to the question as to whether you believe the testimony as to not receiving these letters, as shown by the plaintiff's case, over the testimony of the defendant that he did send two letters, beyond a reasonable doubt. If you find he is guilty, your verdict will be, 'We, the jury, find the defendant guilty,' and if you find that the case has not been proved beyond a reasonable doubt, you will find the defendant not guilty."

The charge respecting the quantum of proof necessary to establish liability in this, a civil action, was erroneous. Counsel having called the court's attention to this erroneous instruction and being prejudiced thereby, the judgment must be reversed. 4 Wigmore's Evidence (2d Ed.) § 2498; 12 R. C. L. 438, 439.

[2] We likewise believe that in this fraud action the letter sent by defendant to the milling company, the one ordering the flour, should have been received; likewise a statement of the defendant's financial condition at the time he placed the order was admissible. The evidence strongly indicated that defendant, an irresponsible individual of questionable veracity, conceived the idea of ordering this flour, with no expectation or belief that it could be paid for when it arrived, and that by some improper manner he would get possession of it, and then avoid liability for the purchase price. While the evidence is sufficient to go to the jury on the defense of good faith, the record is replete with testimony tending to establish plaintiff's theory. As a part of this proof, defendant's financial standing and responsibility at the time he placed his order for flour, was material. Inasmuch as fraudulent intent is an element in an action of this character, such evidence would have been enlightening upon the issue of defendant's good faith.

[3] Plaintiff in error also insists that it was entitled to a directed verdict upon the entire record.

It may be conceded that the evidence warranted the entry of a judgment in plaintiff's favor for the amount claimed, either on an implied contract or for conversion. Plaintiff, however, in order to make more effective its remedy thereunder, sought a judgment predicated upon defendant's fraud. To justify a recovery on this theory additional issues were presented, which necessitated a consideration of the evidence in the light of defendant's assertion that he wrote the consignors stating that he could not honor the sight draft, and that in order to handle the flour he should be permitted to secure it without payment in advance. It is true the circumstances surrounding the writing and mailing of

this letter are somewhat unreasonable and improbable. The consignors deny receiving either letter, but the issue of intent to deceive, as well as defendant's conduct when obtaining the flour, were questions for the jury.

The judgment is reversed, with directions to grant a new trial.